# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN E. HAKE, M.D., | ) |
| Plaintiff, | ) Case No. 2:09-cv-01563-KJD-GWF |
| vs. | ) **FINDINGS AND** |
| | ) **RECOMMENDATION** |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, | ) |
| Defendant. | ) **Motion for Order Dismissing Action (#28)** |

This matter is before the Court on Defendant's Motion for Order Dismissing Action For Failure to Comply With Court's Discovery Order (#28), filed on June 23, 2010; Plaintiff's Opposition to Defendant's Motion to Dismiss (#30), filed on July 19, 2010; and Defendant's Reply to Plaintiff's Untimely Opposition to Motion Requesting Dismissal of Action (#32), filed on July 26, 2010. The Court conducted a hearing in this matter on August 4, 2010.

## BACKGROUND

Plaintiff Steven E. Hake, M.D. alleges that in or about 2004 he became totally disabled from performing his profession as a radiologist as a result of accidental and unknowing exposure to mold in his home. Plaintiff submitted a claim for benefits under a disability insurance policy issued by Defendant Massachusetts Mutual Life Insurance Company. Plaintiff alleges that Defendant breached the insurance policy by wrongfully determining that Plaintiff was only entitled to lower partial disability benefits. Plaintiff filed his complaint against Defendant on July 1, 2009. Plaintiff's first and second causes of action allege claims for declaratory relief and breach of contract, respectively. The third cause of action alleges a claim for tortious breach of the duty of good faith and fair dealing and the fourth cause of action alleges that Defendant has engaged in unfair claims practices in violation of Nevada Revised Statute (NRS) §686A.310. These latter two causes of action are hereinafter referred to as the "extra-contractual" or "bad faith" claims.

The discovery plan and scheduling order was entered on December 16, 2009. *Joint Discovery Plan and Scheduling Order (#21)*.[1] Pursuant thereto, the parties were required to serve their Rule 26(a) initial disclosures before the end of December 2009. Defendant served its initial disclosures on December 21, 2009. Plaintiff, however, failed to make any initial disclosures. *See Defendant's Motion to Compel (#22)*, p. 2. On December 17, 2009, Defendant served interrogatories and requests for production of documents on Plaintiff. On January 19, 2010, Defendant granted Plaintiff an extension until January 29, 2010 to respond to the interrogatories and requests for production. *Motion to Dismiss (#28), Declaration of Misty A. Murray*, ¶ 7.

On January 23, 2010, Defendant's counsel Martin Rosen sent an email to Plaintiff's counsel Steven Parsons proposing that the parties stipulate to use depositions in this action that were taken in related lawsuits. On January 27, 2010, Mr. Rosen sent a follow-up email to Mr. Parsons asking him to respond to Mr. Rosen's prior email. Mr. Parsons responded that day with a positive reaction to Defendant's proposal. Mr. Parsons stated, however, that his office was doing a comprehensive review of all issues in Plaintiff's related cases and desired to complete that review and discuss it with the Plaintiff before accepting Defendant's proposal. Mr. Parsons stated that this review should be complete by mid-February 2010 and proposed a discovery "stand-down" until all of the issues could be clarified. *Motion to Dismiss (#28)*, Exhibit 5.

Mr. Rosen replied to Mr. Parsons' email nine days later on February 5, 2010. By that date, the extension to provide discovery responses had expired. Mr. Rosen proposed that they discuss the case by telephone the next week to see if they could agree on a process to summarily adjudicate the total disability issue and to use depositions from the related cases. Mr. Rosen stated that Plaintiff's discovery responses were now overdue. He offered to put off the discovery until after Mr. Parsons discussed these matters with his client, but on the condition that Plaintiff thereafter respond to the discovery requests without objections. *Motion to Dismiss (#28)*, Exhibit 5. Mr. Parsons and Mr. Rosen conducted a telephone conference on February 16, 2010. Mr. Rosen sent

---

[1] The scheduling order set the discovery cut-off date as July 23, 2010. Expert witness disclosures were due on May 28, 2010 and rebuttal expert disclosures were due on June 25, 2010.

2

Case 2:09-cv-01563-KJD-GWF   Document 35   Filed 09/01/10   Page 3 of 11

Mr. Parsons a follow-up email that same day in which he stated that he forgot to raise the issue of Plaintiff's discovery responses during the conference. He again noted that Plaintiff's discovery responses were now overdue and requested that they be provided by February 23. *See Motion to Dismiss (#28)*, Exhibit 6.

On March 29, 2010, Defendant's counsel Misty A. Murray sent a follow-up email to Mr. Parsons regarding Plaintiff's discovery responses. Ms. Murray stated that if the discovery responses were not received by the end of the week, Defendant would seek court intervention. *Motion to Dismiss (#28)*, Exhibit 7. Mr. Parsons did not respond to this communication. Ms. Murray telephoned Mr. Parson's office on or about March 31st to discuss the overdue responses and was advised that he was not available. Ms. Murray left a message asking that Mr. Parsons return her call, but he did not do so. *Motion to Dismiss (#28), Declaration of Misty A. Murray*, ¶ 10.

On April 7, 2010, Defendant filed its motion to compel Plaintiff to provide Rule 26(a) disclosures and discovery responses. Plaintiff's response to the motion was due on April 26th. On May 6th, Defendant filed a notice of non-opposition to the motion to compel. The Court thereupon issued an order on May 7th granting Defendant's motion to compel and vacating the May 10, 2010 motion hearing. *Order (#27)*. The order directed Plaintiff to serve his Rule 26(a) initial disclosures and responses to Defendant's interrogatories and requests for production by May 28, 2010. *Id*. In anticipation of receiving Plaintiff's initial disclosures and discovery responses, Defendant's counsel noticed the deposition of Plaintiff for June 21, 2010. Plaintiff, however, did not provide disclosures and discovery responses in compliance with the discovery order. *Motion to Dismiss (#28), Declaration of Misty A. Murray*, ¶ 13.

On June 7, 2010, Ms. Murray informed Mr. Parsons that Defendant would be moving for terminating sanctions due to the severe prejudice that Plaintiff's failure to respond to discovery and to comply with the court's order was causing. *Id.*, ¶ 15. That afternoon, Mr. Parsons sent Ms. Murray an email in which he apologized for the delay in providing discovery responses. He further stated that he had been assured by his "on-staff person" well in advance of the May 28th deadline that Plaintiff's discovery responses were nearly complete. Mr. Parsons stated, however, that he had not seen any further productivity from his staff person "apparently due to his own medical

3

dilemmas." *Motion to Dismiss (#28)*, Exhibit 9.[2] Mr. Parsons also stated that he was suffering from a ruptured Achilles tendon, which had apparently been bothering him for several months, and which made it difficult for him to attend to this and other cases. *Id.* In response to Ms. Murray's statement that Defendant would be moving for terminating sanctions, Mr. Parson's further stated:

> I sense that even in light of your client's expressed desire to seek terminating sanctions, the entire debacle is without fault on my part, and I would be surprised if the Court is not favorably inclined to grant my client relief from the impending deadlines, if not relief for me. I note that in the hope that you and your client will work with me in seeking a stipulated continuance of the deadlines. This interim status note is for the purpose of that request.

*Motion to Dismiss (#28)*, Exhibit 9.

Defendant's counsel, Mr. Rosen, responded to Mr. Parsons' email on June 7, 2010. *Motion to Dismiss (#28)*, Exhibit 10. Mr. Rosen stated that Mr. Parsons had failed to respond to emails and phone calls requesting discovery responses before the motion to compel was filed, and had also failed to comply with the May 7th discovery order, or communicate with Defendant's counsel about compliance until he was informed that Defendant would move for terminating sanctions. Mr. Rosen asserted that Defendant was "horribly prejudiced" by the delay.

On June 9, 2010, Defendant received Plaintiff's responses to Defendant's first set of interrogatories. *Motion to Dismiss (#28), Declaration of Misty A. Murray*, ¶ 17. On June 14, 2010, while Defendant was preparing its motion for sanctions, Plaintiff's counsel emailed documents to Defendant's counsel, but did not provide formal responses to the requests for production. Although Plaintiff's counsel indicated that further documents would be forthcoming, Defendant states that no additional documents were provided before Defendant filed its motion to dismiss. *Id.*, ¶ 18. On June 21, 2010, Defendants counsel took Plaintiff's deposition, but could not complete it because of the lack of complete discovery responses. *Id.*, ¶ 20.

The deadline for Plaintiff to respond to Defendant's Motion to Dismiss (#28) was July 10, 2010. When Plaintiff did not file a timely written response, Defendant once again filed a notice of

---

[2] Plaintiff's counsel advised the Court at the August 4th hearing that his legal assistant is suffering from cancer. Defendant's counsel were apparently aware of the legal assistant's illness prior to filing the motion to compel based on their dealings with him in other cases.

4

non-opposition on July 13, 2010. *See Docket Entry (#29).* Plaintiff thereafter filed his opposition on July 19, 2010--nine days late. *Opposition to Defendant's Motion to Dismiss (#30).* The opposition primarily focused on the arguments supporting Plaintiff's claims against Defendant. Plaintiff argued that Defendant was seeking "to wrangle a windfall sanction because of Plaintiff's unintended and excusable delays in finalizing discovery responses, which responses Plaintiff believes are now complete." *Id.*, p. 3. Plaintiff further argued that Defendant's claims that it has been "'horribly prejudiced'" by the delay was specious and self-serving at best, and that Defendant, in fact, had suffered no prejudice. *Id.* Plaintiff's counsel briefly noted that the failures to provide timely discovery responses or to respond to the motions was the result of excusable neglect arising from his legal assistant's and his own medical problems as well as other extenuating factors. *Id.*, p. 3, footnote 1. During the August 4th hearing, Plaintiff's counsel provided a lengthy explanation of the numerous medical and other problems he and his office staff have experienced. Plaintiff's counsel also repeated his argument that Defendant was not prejudiced by the discovery delay.

## DISCUSSION

Rule 37(b)(2) of the Federal Rules of Civil Procedure authorizes the Court to impose a variety of sanctions upon a party who fails to obey a discovery order or who fails to make the disclosures required by Rule 26(a). Rule 37(c)(1) provides that a party who fails to timely make disclosures required under Rule 26(a) is not allowed to use the information or witness to supply evidence on a motion, at a hearing, or at trial unless the failure was substantially justified or is harmless. The court may also impose other sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). A prior discovery order is not required for sanctions under Rule 37(c).

Defendant requests that the Court dismiss Plaintiff's entire action because of his failure to comply with the May 7th discovery order. Alternatively, Defendant requests that the Court preclude Plaintiff from introducing any witnesses or documents that were not disclosed on or before May 28, 2010. This alternative sanction would be tantamount to dismissal since Plaintiff apparently did not disclose any witnesses or documents by May 28, 2010. Defendant also requested that the Court extend pretrial dates for 90 days for the benefit of the Defendant only. In addition, Defendant requested an award of attorney's fees on the motion. In its Reply (#32), Defendant argued that the

court should, at minimum, dismiss the Plaintiff's "bad faith" claims as a sanction for Plaintiff's failure to comply with the Court's order.

The Ninth Circuit has repeatedly stated that dismissal of a plaintiff's action as a sanction for discovery violations is a very severe sanction and may only be imposed if the plaintiff's discovery violations are willful, in bad faith or at fault. *Connecticut General Life Insurance Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007), citing *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003). Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith or fault. *Jorgensen*, 320 F.3d at 912, citing *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). In *Connecticut General*, the court discusses the additional factors that the district court should consider in deciding whether terminating sanctions should be imposed:

> "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions. This "test" is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow:
>
> Like most elaborate multifactor tests, our test has not been what it appears to be, a mechanical means of determining what discovery sanction is just. The list of factors amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof.

*Connecticut General*, 482 F.3d at 1096, quoting *Valley Eng'rs v. Electric Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir.1998).

The court may consider all of the offending party's discovery conduct in deciding whether the dismissal sanction is appropriate. *Henry v. Gill Industries,* 983 F.2d 943, 947 (9th Cir. 1993). *Henry* further noted that the key factors are prejudice and the availability of lesser sanctions. *Id.*, at 948. The court rejected the argument that defendant suffered no prejudice because it eventually received all the discovery it had sought. The court stated that "[a] defendant suffers prejudice if

the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case. (citation omitted.)"  The court found that the lengthy delays caused by plaintiff's refusal to participate in discovery, which lasted more than a year, caused defendant to lose a key witness who became incapacitated and no longer available to testify.  The Ninth Circuit has also has upheld imposition of severe sanctions where the sanctioned party has engaged in deliberately deceptive practices which undermine the integrity of the judicial proceedings, such as falsely asserting that relevant documents are no longer available.  *Anheuser-Busch, Inc. v. Natural Beverage Distributors, Inc.*, 69 F.3d 337, 348 (9th Cir.1995).  There is no evidence that Plaintiff or his counsel have engaged in the latter type of conduct.

The Ninth Circuit has stated that "it is not always necessary for the court to impose less serious sanctions first or give any explicit warning." *Valley Engineers Inc. v. Electric Engineering Company*, 158 F.3d at 1057, citing *Adriana International Corp. v. Thoeren,* 913 F.2d 1406, 1413 (9th Cir.1990).  The court further stated:

> The significance of warning is that a sanction may be unfair if the sanctioned party could not have realized that it was in jeopardy of so severe a consequence if it was in error regarding its discovery posture.  Rule 37 tells all lawyers and their clients that dismissal is possible if they violate discovery orders and direct warnings or other circumstances may make it clear that it is a real risk of continued violation in the particular case.
> . . .
> What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations "threaten to interfere with the rightful decision of the case." *Adriana*, 913 F.2d at 1412. While contumaciousness toward the court needs a remedy, something other than case-dispositive sanctions will often suffice. Dismissal is appropriate where a "pattern of deception and discovery abuse made it impossible" for the district court to conduct a trial "with any reasonable assurance that the truth would be available."

*Valley Engineers*, 158 F.3d at 1057-58, *citing Anheuser-Busch, Inc.,* 69 F.3d at 352.

At the August 4th hearing, the Court stated that it would recommend dismissal of Plaintiff's bad faith claims as an appropriate sanction for the discovery violations in this case.  In preparing this order, the Court has more fully considered whether dismissal of Plaintiff's complaint, in or whole or in part, is a proper sanction in light of all the facts and circumstances, including the

availability of lesser sanctions.

      The Court first addresses the issue of willfulness, bad faith or fault by Plaintiff.  Defendant argues that Plaintiff's discovery violations date back to December 2009 when he failed to make disclosures as required Rule 26(a) and the scheduling order.  Although Rule 26(a) requires a party to disclose witnesses and documents it may use at trial without awaiting a discovery request, the absence of a prior demand from the other party for overdue disclosures is relevant in determining the extent of a party's willful or bad faith failure to comply with his discovery obligations.  In this case, Defendant did not make any explicit request or demand for Plaintiff's Rule 26(a) disclosures until it filed the motion to compel.

      Plaintiff was also not in willful default of his obligation to provide discovery responses prior to February 23, 2010.  Defendant granted Plaintiff an extension until January 29, 2010 in which to serve his discovery responses.  Between January 23 and February 16, 2010 the attorneys exchanged emails and had at least one telephone conference regarding the streamlining of the case, including using depositions taken in related cases.  On January 27, 2010, Plaintiff's counsel proposed a discovery "stand down."  Defendant's counsel did not respond to this email until February 5, 2010, a week after the discovery extension expired.  Defendant's counsel agreed to the "stand down" so long as Plaintiff thereafter provided discovery responses without objection.  Defendant's counsel sent a follow-up email after the parties' telephone conference on February 16th, requesting that Plaintiff's discovery responses be provided by February 23rd.

      Plaintiff's counsel did not respond to the February 16th email or to Defendant counsel's follow-up email on March 29th stating that Defendant would file a motion to compel if discovery responses were not provided.  Nor did Plaintiff's counsel respond to the March 31st telephone message that Defendant's counsel left with his office.  Plaintiff's counsel then failed to respond to the motion to compel filed on April 7, 2010.  Finally, Plaintiff failed to comply with the May 7, 2010 order requiring him to serve discovery disclosures and responses by May 28, 2010.  Plaintiff's counsel only began to comply with the order after he was informed by Defendant's counsel on June 7, 2010 that Defendant intended to move for terminating sanctions.  These latter failures support a finding of willfulness or bad faith.  Some of the excuses offered by Plaintiff's counsel, in particular

the illness of his long time legal assistant, probably would have justified the granting of additional time to respond to the discovery requests and for an extension of the discovery cut-off date and other pretrial deadlines. Plaintiff's counsel, however, failed to notify Defendant's counsel or the Court of these matters until June 7, 2010 when Defendant's counsel told him that she would be filing a motion for sanctions.

Defendant cites *Tisdal v. Darkis*, 101 F.R.D. 307, 309 (D. Kan. 1984) and *Daye v. General Motors Corp.*, 172 F.R.D. 173 (M.D.N.C. 1997) in support of its argument that Plaintiff's entire lawsuit should be dismissed. The plaintiffs' attorneys in those cases failed to respond in any manner to the motions to compel and motions for sanctions. Only after the courts ordered the plaintiffs to show cause why the actions should not be dismissed, did the plaintiffs' attorneys offer excuses for their failures to respond. The plaintiff's counsel in *Tisdale* stated that he was caring for an ill child and was unable to keep up with his law practice. In dismissing the action, the court noted that "[p]laintiff's counsel could have sought extensions of time or he could have asked another member of his law firm to handle the case, or he could have withdrawn from the case. However, plaintiff's counsel simply chose to do nothing . . . ." The attorney in *Daye* stated that he was unable to respond to the discovery or the court's orders because of illness and because the attorneys whom he hired to assist him terminated their relations with him. The court dismissed the action because plaintiff's attorney failed to take any affirmative action to pursue the case.

Plaintiff's counsel's conduct in this case is not as egregious as that of the attorneys in *Tisdale* or *Daye*. Plaintiff's counsel provided his client's answers to interrogatories and began producing documents within a week after Defendant's counsel informed him that she would be filing a motion for sanctions, but before the motion for sanctions was actually filed. Defendant has also not pointed to the loss of any witness or other evidence caused by the discovery delay. Additionally, Defendant's counsel indicated that as long as Defendant is provided with some additional discovery time and the dispositive motions deadline is extended, it will not be prejudiced in its ability to defend the declaratory relief and breach of contract claims. This Court has not previously sanctioned Plaintiff or his counsel for discovery violations or explicitly warned them of

the possibility of terminating sanctions.[3]  Plaintiff's counsel, however, should clearly be aware that severe sanctions may be imposed when he not only fails to provide discovery disclosures and responses, but also ignores opposing counsel's communications, fails to respond to a motion to compel and then fails to comply with the court's discovery order.  Given the lack of evidence that Defendant has been materially prejudiced in its ability to defend the contractual claims, however, the Court concludes that the severe sanction of dismissing Plaintiff's entire action is not justified.

The delay in this case is prejudicial, however, to Defendant's ability to prepare a defense to liability and, in particular, to damages on Plaintiff's bad faith claims.  Plaintiff did not respond to discovery or produce any documents relating to his bad faith claims until after the expert witness disclosure deadline.  Defendant had no opportunity to conduct other necessary discovery on these claims during the discovery period.  In addition, Plaintiff did not conduct any discovery of his own and did not designate an expert witness on bad faith or any other issue before expiration of the expert disclosure deadline on May 28, 2010.  Even if Plaintiff's Opposition (#30) is construed as request to extend discovery, it was filed nine days late and only four days before the end of discovery.  Local Rule LR 26-4 requires that motions to extend discovery or other pretrial deadlines be filed no later than twenty (20) days before the expiration of the deadline.  These facts also do not justify reopening of discovery for the benefit of the Plaintiff to litigate his bad faith claims pursuant to Local Rule (LR) 6-1(b).

## CONCLUSION

The sanction of dismissing Plaintiff's bad faith claims is an appropriate and adequate sanction for the delay and prejudice caused by Plaintiff's failure to provide discovery and comply with the discovery order.  Although belated, Plaintiff's counsel did begin to comply with the discovery order before the filing of the motion for sanctions.  Therefore, an award of attorney's fees, in addition the dismissal of the bad faith claims, is not substantially justified.  Should the

---

[3] Attorney's fees were, however, awarded against Plaintiff in a related case for failure to provide discovery responses.  *Hake v. Unum Provident Corporation, Inc.*, 2008 WL 5069774 (D. Nev.), Case No. 2:07-cv-00487-LDG-PAL, order dated November 20, 2008.  As in this case, Plaintiff's counsel asserted that the failure to timely respond was due to oversight by counsel.

dismissal of the bad faith claims be overruled, however, the Court recommends that Defendant be awarded its reasonable attorney's fees in the amount of $2,528.50 incurred in filing the motion for sanctions.

Accordingly,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant's Motion for Order Dismissing Action For Failure to Comply With Court's Discovery Order (#28) motion be **granted** as follows:

Plaintiff's Third Cause of Action for tortious breach of the duty of good faith and fair dealing and Fourth Cause of Action for violation of Nevada Revised Statute (NRS) §686A.310 should be dismissed, with prejudice, as a sanction for Plaintiff's failure to provide discovery disclosures and to comply with the Court's order (#28).  Defendant's request for dismissal of Plaintiff's entire action and for an additional award of attorney's fees should be **denied**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 1st day of September, 2010.

_____
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE